IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADALBERTO CASTRO, ) | |
|     Plaintiff, ) | Civil Action No. 3:14-cv-273 |
| ) | United States District Judge |
| v. ) | Kim R. Gibson |
| ) | |
| SUPERINTENDENT GLUNT, *SCI Houtzdale,* ) | United States Magistrate Judge |
| DEPUTY SUPERINTENDENT HOLLIBAUGH, ) | Cynthia Reed Eddy |
| *SCI Houtzdale,* DEPUTY SUPERINTENDENT ) | |
| CLOSE, *SCI Houtzdale,* CAPTAIN ) | |
| BRUMBAUGH, *SCI Houtzdale*, LT. SHEA, ) | |
| *SCI Houtzdale,* DORINA VARNER, *Chief* ) | |
| *Hearing Examiner,* LOUIS FOLINO, ) | |
| *Superintendent, SCI Greene,* JOHN WETZEL, ) | |
| *Secretary of D.O.C.,* JOHN SAWTELLE, ) | |
| *C.C.P.M. Assigned Grievance Officer,* and ) | |
| SUPERINTENDENT GILMORE, *Current* ) | |
| *Warden of SCI Greene,* ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Cynthia Reed Eddy, United States Magistrate Judge.

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by the DOC Defendants [ECF No. 23] be denied.

### II. REPORT

    a. Background

The following allegations are summarized from Plaintiff's Complaint, and are taken as true in making this recommendation. Plaintiff Adalberto Castro is an inmate who is presently confined in the custody of the Pennsylvania Department of Corrections ("DOC") in the State Correctional Institution ("SCI") at Greene. Plaintiff filed his complaint on December 30, 2014 pursuant to 42 U.S.C. § 1983 generally alleging violations of the Eighth and Fourteenth

1

Amendments for his placement in the Security Threat Group Management Unit ("STGMU") at SCI-Greene on August 21, 2012 without notice or a hearing, and for spending twenty-one months in the STGMU which is a more restrictive unit than general population. Named as defendants are several DOC superintendents and employees, collectively referred to as the "DOC Defendants."

Plaintiff was transferred to SCI Houtzdale on September 22, 2011 as an Administrative Transfer. *See* Compl. Exhibit L [ECF No. 4-1]. On May 5, 2012, Plaintiff was placed in a Restrictive Housing Unit due to misconduct where he remained until August 21, 2012 serving a Disciplinary Custody sanction. *Id*. Plaintiff was then transferred to SCI Greene for placement in the STGMU on August 21, 2012. *Id*. As described by another court, the STGMU is a unit at SCI-Greene that enables the facility to "identify, house and provide particularized programming for inmates who exhibit certain disruptive or violent behaviors in connection with or because of their affiliation with a Security Threat Group ("STG") – commonly referred to as gangs." *Douglas v. McAnany*, No. CIV.A. 12-1168, 2012 WL 6763586, at *2 (W.D. Pa. Dec. 21, 2012) *rep. and rec. adopted sub nom. Reid-Douglas v. McAnany*, No. CIV.A. 12-1168, 2013 WL 42377 (W.D. Pa. Jan. 3, 2013) (internal quotation marks omitted). According to Plaintiff, in the STGMU,

> every aspect of an inmate's life is controlled and monitored. Incarceration in the STGMU is synonymous with extreme isolation. Opportunities for visitation are rare and are always conducted through glass walls. Inmates are deprived of almost any environmental or sensory stimuli and almost all human contact. Placement in the STGMU can be for an indefinite period or . . . [can] be placed on the Restricted Release List . . . never to be released back into general population. Inmates otherwise eligible for parole lose their eligibility while incarcerated in the STGMU. Yelling or talking through doors is strictly prohibited. Lights, though dimmed, are on 24 hours a day. All incoming and outgoing mail is under intense scrutinization [sic].

Pl.'s Br. in Supp. of Compl. [ECF No. 4] at 6.

Plaintiff filed a grievance with the DOC on August 26, 2012 claiming he was never afforded the opportunity to argue against his placement in the STGMU and seeking his release to general population. *See* Grievance No. 425726 [ECF No. 1-3 at 1]. Plaintiff concurrently appealed the decision to place him in the STGMU with the Superintendent. *See* Inmate's Request to Staff Member [ECF No. 1-3 at 2]. This grievance was rejected on August 28, 2012 as not being submitted within fifteen (15) working days after the events upon which his claims were based. *See* Grievance No. 425726 Rejection [ECF No. 1-3 at 4]. Plaintiff's second grievance was rejected as duplicative on August 30, 2012. *See* Grievance No. 425726 [ECF No. 1-3 at 5]. Plaintiff appealed his rejected grievances to Superintendent Louis Folino, who instructed Plaintiff to file a grievance with Plaintiff's previous facility and did not process Plaintiff's appeal. *See* Folino 10/5/2012 Memo. to Pl. [ECF No. 1-3 at 6].

On October 12, 2012, Plaintiff filed a grievance with SCI Houtzdale again claiming he was never afforded the opportunity to argue against his placement in the STGMU and seeking his release to general population. *See* Castro 10/12/2012 Official Inmate Grievance [ECF No. 1-3 at 8]. SCI Houtzdale rejected Plaintiff's grievance on November 7, 2012 for Plaintiff's failure to file the grievance within fifteen (15) days after the events upon which his claim rests occurred responding that the event date was August 21, 2012. *See* SCI-Houtzdale Grievance No. 432534 [ECF No. 1-3 at 10]. Plaintiff resubmitted his grievance with SCI-Houtzdale and was again rejected. *See* Grievance ECF No. 1-3 at 12-13; Rejection ECF No. 1-3 at 14. Sometime thereafter, Plaintiff appealed the rejected grievance to SCI Houtzdale's Superintendent. Finally, the Superintendent denied his appeal and found that the Grievance Officer appropriately investigated Plaintiff's claims, and that Plaintiff "was transferred [to the STGMU] due to his

continued problematic behavior and adjustment." Appeal to Superintendent [ECF No. 1-3 at 19]. The Superintendent also commented that at the time Plaintiff was placed into the STGMU, policy did not require review with the inmate, and after implementation of the policy, Plaintiff accepted participation in the STGMU program. *Id*. Lastly, the Superintendent found that given Plaintiff's continued disruptive behavior and disciplinary sanctions, release to general population was not warranted or appropriate. *Id*.

Shortly thereafter, Plaintiff initiated the present action claiming that his placement in the STGMU without notice and a hearing and spending twenty-one months in the STGMU violated the Due Process Clause of the Fourteenth Amendment and is cruel and unusual punishment proscribed by the Eighth Amendment. The DOC argues that the complaint should be dismissed, because Plaintiff's due process rights under the Fourteenth Amendment were not triggered, and if they were triggered, they were satisfied. Further, the DOC argues that Plaintiff's placement in the STGMU does not constitute cruel and unusual punishment under the Eighth Amendment.[1]

    b. <u>Standard of Review</u>

Primarily, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106(1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a pro se complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[1] The DOC initially argued that Plaintiff's claims were barred by the statute of limitations, but later withdrew this argument; therefore this argument will not be addressed.

550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure

5

12(b)(6), it may consider documents <u>integral to or explicitly relied upon</u> in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added). Accordingly, the Court may take into consideration the numerous grievances, appeals and Superintendent decisions attached to the complaint without converting Defendants' motion into one for summary judgment.

    c. <u>Discussion</u>

        *1. Fourteenth Amendment Claims*

First, Plaintiff claims that the DOC has violated the Due Process Clause of the Fourteenth Amendment by failing to give him notice and a hearing before transferring him to the STGMU. Reviewing courts use a two-step inquiry to determine whether a plaintiff has stated a procedural due process claim. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). First, the court determines "whether the nature of the interest is one within contemplation of the 'liberty or property' language of the Fourteenth Amendment." *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)) (*Shoats I*). If this first step is met, the court must determine "whether the procedures upon that deprivation were constitutionally deficient." *Thompson*, 490 U.S. at 460; *Shoats I*, 213 F.3d at 143 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Here, Plaintiff alleges that he was transferred into the STGMU without notice or an opportunity to be heard. While other courts have found that placement in SCI Greene's STGMU does not violate the Due Process Clause, the courts have only done so at the summary judgment stage after reviewing the DOC policies outlining how an inmate is identified and designated as a security threat, whether the inmate is informed of their transfer and whether notice and a hearing

is afforded to the inmate and whether the unit is restrictive.[2] *See Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) (after reviewing DOC policy, the Court of Appeals affirmed summary judgment in favor of DOC defendants for inmate's claim that placement in the STGMU violated Due Process Clause of the Fourteenth Amendment); *Harris v. Ricci*, 595 F. App'x 128, 131 (3d Cir. 2014) ("transfer to STGMU does not give rise to a protected liberty interest under the Due Process Clause[, and] . . . 'although inmates who are transferred to the STGMU face additional restrictions . . . transfer to the STGMU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life.'") (citations omitted); *Douglas v. McAnany*, No. CIV.A. 12-1168, 2012 WL 6763586, at *3 (W.D. Pa. Dec. 21, 2012) *report and recommendation adopted sub nom. Reid-Douglas v. McAnany*, No. CIV.A. 12-1168, 2013 WL 42377 (W.D. Pa. Jan. 3, 2013) (after considering testimony from DOC officials, the court denied inmate's request for injunctive relief as placement in SCI Greene's STGMU did not violate procedural or substantive due process rights).

Without reviewing the relevant STGMU policies, the court should not dismiss this case for failure to show that Plaintiff is entitled to relief. He claims that he was not given notice or a opportunity to reject his transfer to the STGMU. Accordingly, due to the liberal pleading standard given to *pro se* pleadings, Plaintiff should be permitted to offer evidence to support his

---

[2] While one district court dismissed an inmate's claim that his placement in the STGMU violated the Due Process Clause of the Fourteenth Amendment for failure to state a claim, and was later affirmed by the Court of Appeals for the Third Circuit, the district court's opinion was not for publication and the Court of Appeal's opinion was unreported and not binding on this Court. *See McDaniel v. N.J. Dept. of Corr.*, Civ. A. No. 04-0008 (D.N.J. 2004) *aff'd* 160 Fed.App'x 254 (3d Cir. 2005). This Court will therefore not give weight to that court's decision to dismiss the inmate's Fourteenth Amendment claim for failure to state a claim. Otherwise, all of the cases relied upon by Defendants to dismiss Plaintiff's Fourteenth Amendment due process claim were decided after a period of discovery and the decisions considered the relevant evidence.

claim.[3] It must be emphasized however, that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not itself subject an inmate's treatment by prison authorities to judicial oversight." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 410 (3d Cir. 1999) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). The imposition must be "atypical" and impose a "significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also Griffin v. Vaughn*, 112 F.3d 703, 706-08 (3d Cir. 1997) (fifteen months in administrative segregation not atypical or significant hardship).

Accordingly, it is respectfully recommended that Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claim be denied.

### 2. Eighth Amendment Claims

Plaintiff next alleges that the DOC violated the Eighth Amendment by placing him in the STGMU for a period of approximately twenty-one months as the conditions of his confinement in the STGMU are cruel and unusual.

When reviewing an Eighth Amendment cruel and unusual punishment claim in the prison context, courts consider the conditions of confinement as a whole because several combined deprivations may constitute a constitutional violation when they have the collective effect that produces a deprivation of a single, identifiable human need, such as health, safety, food, warmth, or exercise. *See Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). For a condition of confinement to be considered cruel and unusual, it must be: (1) grossly disproportionate to the severity of the

---

[3] It must also be noted that it would be proper for the Court to consider any policies regarding the STGMU as undisputedly authentic DOC policies or documents however, the Defendants failed to include any documentation as exhibits to its motion and as such are not of record and cannot be considered here.

crime warranting punishment; (2) involve the wanton and unnecessary infliction of pain, or (iii) deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A plaintiff asserting an Eighth Amendment cruel and unusual conditions of confinement claim must show that the conditions to which he is subjected are "sufficiently serious" and that the defendants are deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court determining whether prison conditions violate the Eighth Amendment must consider whether the inmate has been denied "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Additionally, "[s]egregated detention is not cruel and unusual punishment per se, as long as the conditions of confinement are not foul, inhuman or totally without penological justification. It may be a necessary tool of prison discipline, both to punish infractions and to control and perhaps protect inmates whose presence within the general population would create unmanageable risks." *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992).

Here, liberally construing Plaintiff's pleadings and taking his allegations as true, he alleges that the conditions of his confinement involve wanton and unnecessary infliction of harm and/or deprive him of the minimal civilized measure of life's necessities by the degree of isolation alleged in his pleadings and whether his placement into STGMU had penological justification. While this Court recognizes the importance of a prison's ability to discipline infractions and control inmates, it must do so constitutionally. Plaintiff should be permitted to support his claim that the conditions of confinement in the STGMU are cruel and unusual under the Eighth Amendment.

Accordingly, it is respectfully recommended that Defendants' motion to dismiss

Plaintiff's Eighth Amendment claim be denied.

        d. <u>Conclusion</u>

In accordance with the foregoing report, it is respectfully recommended that Defendants' motion to dismiss Plaintiff's complaint be denied.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, the parties have until **November 27, 2015**, to file objections to this report and recommendation. Unless Ordered otherwise by the District Judge, responses to objections are due **December 11, 2015**. Failure to file timely objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).


Dated: November 13, 2015.                              By the Court,

                                                              s/ Cynthia Reed Eddy
                                                              Cynthia Reed Eddy
                                                              United States Magistrate Judge


cc:       Honorable Kim R. Gibson
           United States District Judge
           *via electronic filing*

           Adalberto Castro
           FX-6703
           SCI-Greene
           175 Progress Drive
           Waynesburg, PA 15370

           *Attorney for Defendants*
           Mary Lynch Friedline
           *via electronic filing*